### RESIDENCE OF STUDENTS AT A PUBLIC INSTITUTION FOR THE PURPOSES OF EDUCATION.

The mere facts, that a student, who has a domicil in one town, resides at a public institution in another town, for the sole purpose of obtaining an education, and that he has his means of support from the former, do not constitute a test of his right to vote and of his liability to be taxed in the latter town. He obtains this right and incurs this liability only by a change of domicil; and the question, whether he has changed his domicil, is to be decided by all the circumstances of the case.

" To the honorable the house of representatives of the commonwealth of Massachusetts:

The undersigned, justices of the supreme judicial court, have taken into consideration the question upon which their opinion was requested by the honorable house, by their order of the 10th of March instant, in the words following:—

' Is a residence at a public institution, in any town in this commonwealth, for the sole purpose of obtaining an education, a residence within the meaning of the constitution, which gives a person, who has his means of support from another place, either within or without this commonwealth, a right to vote, or subjects him to the liability to pay taxes in such town?'

And in answer thereto, we respectfully submit the following opinion:—

We feel considerable difficulty in giving a simple or direct answer to the question proposed, because neither of the circumstances stated constitutes a test of a person's right to vote, or liability to be taxed; nor are they very decisive circumstances bearing upon the question. On the contrary, a person may, in our opinion, reside at a public institution for the sole purpose of obtaining an education, and may have his means of support from another place, and yet he will, or will not, have a right to vote in the town where such institution is established, according to circumstances not stated in the case on which the question is proposed.

By the constitution it is declared, that, to remove all doubts concerning the meaning of the word ' inhabitant,' every person shall be considered an inhabitant, for the purpose of electing

and being elected into any office or place within this state, in that town, district, or plantation, where he dwelleth, or hath his home.

In the third article to the amendments to the constitution, made by the convention of 1820, the qualification of inhabitancy is somewhat differently expressed. The right of voting is conferred on the citizen who has resided within this commonwealth, and who has resided within the town or district, &c.

We consider these descriptions, though differing in terms, as identical in meaning, and that 'inhabitant,' mentioned in the original constitution, and 'one who has resided,' as expressed in the amendment, designate the same person. And both of these expressions, as used in the constitution and amendment, are equivalent to the familiar term *domicil*, and therefore the right of voting is confined to the place where one has his domicil, his home or place of abode.

The question, therefore, whether one residing at a place where there is a public literary institution, for the purposes of education, and who is in other respects qualified by the constitution to vote, has a right to vote there, will depend on the question whether he has a domicil there. His residence will not give him a right to vote there, if he has a domicil elsewhere; nor will his connection with a public institution, solely for the purposes of education, preclude him from so voting, being otherwise qualified, if his domicil is there.

The question, what place is any person's domicil, or place of abode, is a question of fact. It is in most cases easily determined by a few decisive facts; but cases may be readily conceived, where the circumstances tending to fix the domicil are so nearly balanced, that a slight circumstance will turn the scale. In some cases, where the facts show a more or less frequent or continued residence in two places, either of which would be conclusively considered the person's place of domicil, but for the circumstances attending the other, the intent of the party, to consider the one or the other his domicil, will determine it. One rule is, that the fact and intent must concur. Certain maxims on this subject we consider to be well settled,

which afford some aid in ascertaining one's domicil.  These
are, that every person has a domicil somewhere; and no person
can have more than one domicil at the same time, for one and
the same purpose.   It follows, from these maxims, that a man
retains his domicil of origin till he changes it, by acquiring
another; and so each successive domicil continues, until
changed by acquiring another.   And it is equally obvious, that
the acquisition of a new domicil does, at the same instant,
terminate the preceding one.

   In applying these rules to the proposed question, we take it
for granted, that it was intended to apply to a case, where the
student has his domicil of origin, at a place other than the town
where the institution is situated.   In that case, we are of opin-
ion that his going to a public institution, and residing there
solely for the purpose of education, would not, of itself, give
him a right to vote there, because it would not necessarily
change his domicil; but in such case, his right to vote at that
place would depend upon all the circumstances connected with
such residence.   If he has a father living; if he still remains a
member of his father's family; if he returns to pass his vaca-
tions; if he is maintained and supported by his father; these
are strong circumstances, repelling the presumption of a change
of domicil.   So, if he has no father living; if he has a dwell-
ing-house of his own, or real estate, of which he retains the oc-
cupation; if he has a mother or other connections, with whom
he has before been accustomed to reside, and to whose family
he returns in vacations; if he describes himself as of such place,
and otherwise manifests his intent to continue his domicil
there; these are all circumstances tending to prove that his
domicil is not changed.

   But if, having a father or mother, they should remove to the
town where the college is situated, and he should still remain
a member of the family of the parent; or if, having no parent,
or being separated from his father's family, not being maintained
or supported by him; or, if he has a family of his own, and
removes with them to such town; or by purchase or lease takes
up his permanent abode there, without intending to return to

his former domicil; if he depends on his own property, income or industry for his support;—these are circumstances, more or less conclusive, to show a change of domicil, and the acquisition of a domicil in the town where the college is situated. In general, it may be said that an intent to change one's domicil and place of abode is not so readily presumed from a residence at a public institution for the purposes of education, for a given length of time, as it would be from a like removal from one town to another, and residing there for the ordinary purposes of life; and therefore stronger facts and circumstances must concur to establish the proof of change of domicil, in the one case than in the other. But where the proofs of change of domicil, drawn from the various sources already indicated, are such as to overcome the presumption of the continuance of the prior domicil, such preponderance of proof, concurring with an actual residence of the student in the town where the public institution is situated, will be sufficient to establish his domicil, and give him a right to vote in that town, with other municipal rights and privileges. And as liability to taxation for personal property depends on domicil, he will also be subject to taxation for his poll and general personal property, and to all other municipal duties, in the same town.

For the information of the honorable house, we respectfully refer to several decided cases, bearing upon this subject: *Amherst* v. *Granby*, 7 Mass. 1; *Putnam* v. *Johnson*, 10 Mass. 488; *Harvard College* v. *Gore*, 5 Pick. 370; *Lyman* v. *Fiske*, 17 Pick. 231; *Abington* v. *North Bridgewater*, 23 Pick. 170.

The question submitted supposes the case of a person residing at a public institution for the purpose of education, 'who has his means of support from another place, either within or without this commonwealth.'

We do not consider this circumstance of much importance in determining the domicil. If, indeed, a young man, over twenty-one years of age, is still supported by his father or mother, it is a circumstance concurring with other proofs to show that he is still a member of the family of such parent, and so may bear on the question of domicil. But if he is

65

emancipated from his father's family, and independent in his means of support, it is immaterial from what place his means of support are derived. If it be income from rents of real estate leased in another town, or dividends from the stock of a bank there situated, or interest of money invested on mortgage in such town, it seems to us, that this circumstance would have no influence in deciding the question of domicil, and the consequent right to vote in any town.

LEMUEL SHAW,

S. S. WILDE,

CHARLES A. DEWEY,

SAMUEL HUBBARD.

*Boston, March* 15, 1843."